IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARLOW HUMBERT,

  Plaintiff,

    v.       CIVIL NO.: WDQ-11-0440

MARTIN O'MALLEY, *et al.*,

  Defendants.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

  Marlow Humbert has alleged constitutional and common law claims against 25 Baltimore City police officers[1] (the "Active Defendants"), and Baltimore City, the Baltimore City Police Department, Police Commissioner Frederick H. Bealefeld, and former mayor Sheila Dixon (collectively, the "Inactive Defendants").[2] For the following reasons, the Court will grant the Inactive Defendants' motion to bifurcate and stay discovery.

---

[1] Chris Jones, Keith Merryman, Caprice Smith, Dominick Griffin, Michael Brassell, and John and Jane Does 1-20.

[2] The complaint also names Richard and Jane Roes 1-20, "unknown Baltimore City Police Department Supervisors." When named, these defendants will be Inactive Defendants. The Court has dismissed all claims against Maryland Governor Martin O'Malley and Baltimore City Police Department Laboratory Technician Cinese Caldwell. *See* ECF No. 36. Humbert failed to allege any facts to support his claims against Caldwell and certain claims against O'Malley, and O'Malley was shielded by immunity on the other claims. *See* ECF No. 35.

I. Background[3]

On May 8, 2008, Baltimore City police identified Humbert as the "Charles Village Rapist," the man believed to be responsible for a series of robberies and sexual assaults. Compl. ¶¶ 45, 93. On May 10, 2008, he was arrested. Compl. ¶ 97. Humbert was charged with 11 counts, including rape, assault, armed robbery, and using a handgun in a violent crime.[4] In late July 2009, the state dropped all charges against him after DNA evidence excluded him as a suspect. *See* Bishop, note 4.

On February 17, 2011, Humbert sued, alleging battery, false arrest, abuse of process, malicious prosecution, intentional infliction of emotional distress, and conspiracy to commit those torts; negligence; and violations of his rights under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Maryland Declaration of Rights. On November 28, 2011, the Court dismissed several claims. ECF No. 36. Remaining are:

- all claims against the Active Defendants; and

- the § 1983 claims against the Inactive Defendants.[5]

*See* ECF Nos. 35, 36.

---

[3] For a more detailed background, *see* ECF No. 35.

[4] Tricia Bishop, "DNA evidence clears man of rape charge," *Baltimore Sun*, August 12, 2009, at 8A (*cited in* Compl. ¶ 115).

[5] Humbert has also sufficiently pled a claim of negligent hiring and supervision against Bealefeld. ECF No. 36.

The § 1983 claims assert that the Active Defendants violated Humbert's rights under the Fourth and Fourteenth Amendments through false arrest, malicious prosecution, an unduly suggestive identification process, the failure to investigate, and withholding exculpatory evidence.  Compl. 41-43, 46-54.  The § 1983 claims against the Inactive Defendants assert supervisor and *Monell* liability.[6]  Humbert alleges that Bealefeld and Dixon violated his rights under § 1983 by improperly supervising and training the Active Defendants, and the city and police department violated his rights through deliberate indifference or an official policy or custom of unconstitutional practices.  Compl. 37-41

On December 14, 2011, the Inactive Defendants moved to bifurcate the trial of Humbert's claims against them and stay discovery related to those claims.  ECF No. 42.  On January 3, 2012, Humbert opposed the motion.  ECF No. 46.  On January 20, 2012, the Inactive Defendants filed a reply.  ECF No. 49.

II. Analysis

"For convenience, to avoid prejudice, or to expedite and economize," the Court may order a separate trial of one or more separate issues or claims.  Fed. R. Civ. P. 42(b).

---

[6] *Monell v. Department of Social Services*, 436 U.S. 658 (1978), established that municipalities could be liable for constitutional violations under § 1983.

The Inactive Defendants argue that the § 1983 claims against them are derivative of the claims against the individual officers; thus, bifurcation will prevent "needless and unnecessary litigation" should Humbert not prevail against the Active Defendants.  Mem. in Supp. of Mot. to Bifurcate 7-9. They also contend that bifurcation will "avoid prejudice and confusion," because evidence admissible against one group of Defendants may not be admissible against another group.  *Id.* at 11.

Humbert counters that the evidence against the Inactive Defendants "will in large part" be the same as that against the Active Defendants.  ECF No. 46 at 3.  He also contends that separate trials and discovery would lead to unnecessary delay, expense, and inconvenience, and any prejudice resulting from a single trial could be cured with instructions to the jury.  *Id.* at 6-9.

Section 1983 provides a remedy against any person who, acting under color of law, deprives another of constitutional rights.  42 U.S.C. § 1983.  It "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

A municipality may be liable under § 1983 because of a policy or custom of unconstitutional practices,[7] or "deliberate indifference" to the risk of a constitutional violation because of "a known history of widespread constitutional deprivations on the part of [its] employees."[8]  But a municipality may be liable only if the plaintiff first establishes that someone employed by the municipality violated his constitutional rights.  *See Robertson v. Prince George's County*, 215 F. Supp. 2d 664, 665 (D. Md. 2002).  Similarly, a defendant supervisor may be liable under § 1983 for a subordinate's violation of the plaintiff's constitutional rights. *See Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991).  Bifurcation is common in § 1983 cases in which the plaintiff has asserted claims against individuals and their municipality-employers and supervisors.[9]

---

[7] *See Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).

[8] *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411 (1997); *Milligan v. City of Newport News*, 743 F.2d 227, 229-30 (4th Cir. 1984).

[9] *See, e.g.*, *Beasley v. Kelly*, Case No. DKC-10-0049, 2010 WL 3221848, at *4 (D. Md. Aug. 13, 2010) (bifurcating claims against police officers from claims against municipality); *Swagler v. Harford County*, Case No. RDB-08-2289, 2009 3747175, at *1-*2 (D. Md. Nov. 4, 2009) (same); *Savage v. Mayor & City Council of Salisbury*, Case No. CCB-08-3200, 2009 WL 1119087, at *4 (D. Md. Apr. 22, 2009) (same); *Schlamp v. Canales*, Case No. DKC-06-1644, 2007 WL 7045795, at *1-*2 (D. Md. Aug. 10, 2007) (same); *James v. Frederick County Pub. Sch.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006) (same); *Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995)(same); *Marryshow*, 139 F.R.D. at 319 (bifurcating claims against town and town officials).

Bifurcation is appropriate here.  Absent a finding that at least one of the Active Defendants violated Humbert's rights, the Inactive Defendants are not liable.  *See Robertson*, 215 F. Supp. 2d at 665; *Marryshow*, 139 F.R.D. at 319.  Thus, bifurcating the claims against the Inactive Defendants from those against the Active Defendants will serve judicial economy and convenience.  *See Gray v. Torres*, Case No. WDQ-08-1380, 2009 WL 2169044, at *5 (D. Md. July 17, 2009).  Bifurcation will also avoid undue prejudice.  To prove the city and police department's deliberate indifference, or a custom or policy of constitutional violations, Humbert may need to submit evidence of prior misconduct by police officers, and the city and police department's response.  Such evidence would unduly prejudice the Active Defendants.  *See Swagler*, 2009 WL 3747175, at *1.  Thus, the Court will bifurcate the claims against the Active Defendants from those claims against the Inactive Defendants.[10]

The reasons supporting bifurcation also support a stay of discovery about Humbert's claims against the Inactive Defendants.  A stay will "serve the interests of efficiency and judicial economy, as there [will] be no reasons to delve into

---

[10] Humbert's claim of negligent hiring and supervision against Bealefeld further supports bifurcation.  To establish that claim, Humbert must show, *inter alia*, that his injury was caused by the tortious conduct of at least one of Bealefeld's employees.  *See Williams v. Cloverland Farms Dairy, Inc.*, 78 F. Supp. 2d 479, 484 (D. Md. 1999) (applying Maryland law).

matters relating to the [Inactive Defendants'] policies and practices unless or until the [Active] Defendants are found to have violated [Humbert's] constitutional rights." *See Swagler*, 2009 WL 3747175, at *1.

III. Conclusion

For the reasons stated above, the Court will grant the Inactive Defendants' motion to bifurcate and stay discovery.

_3/26/12_
Date

William D. Quarles, Jr.
United States District Judge