# LAW OFFICE OF
# BARRY R. GLAZER, P.C.

ATTORNEYS AT LAW
P.O. BOX 27166
1010 LIGHT STREET
BALTIMORE, MARYLAND  21230
www.barryglazer.com

| | |
|---|---|
| Telephone: 410-547-8568 | Facsimile: 410-547-0036 |
| Barry R. Glazer | Fredrica Newman-Blount, Law Clerk |
| Roman I. Choma | Nija Bastfield, Law Clerk |
| Kenneth E. Crocken | James M. Ray, Law Clerk |
| Peter J. Kochanski | |
| Charles H. Edward, IV | |

April 11, 2013

Honorable Timothy J. Sullivan
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

  Subject:  *Marlow Humbert v. Martin O'Malley, et al.*
         Civil No.: 1:11-cv-00440-WDQ

Honorable Judge Sullivan:

This lawsuit was filed to redress the injuries sustained by the Plaintiff at the hands of the Baltimore City Police Department, but also for the corresponding purpose of deterring the extreme misconduct that underlies the Plaintiff's injuries.

There should be no dispute that the Plaintiff not only deserves his day in court, but has a foundational constitutional right to his day in court. However, through the exercise of gamesmanship, the Active Defendants, by and through their attorneys, Michael Marshall and Chaz Ball, are marshaling gross misrepresentations in an effort to convince this Court that it should deprive the Plaintiff of his day in court by imposing the "death penalty" sanction of forbidding the Plaintiff to finish conducting discovery and forbidding the introduction of the Plaintiff's evidence, which the Active Defendants are well aware will likely require this Court to dispose of the Plaintiff's case.

The Active Defendants' gamesmanship and gross misrepresentations begin in the first sentence of their April 5, 2013 letter to Your Honor. It provides, in pertinent part, that:

> While the Defendants acknowledge that there was an initial consent to an extension of the discovery deadline, the date on which this tentative consent was given was over a month before an extension of the deadline was requested by the Plaintiff and a week prior to the revelation that the Plaintiff was deliberately withholding discovery materials.

As evidenced by the deposition transcript of the partial deposition of Defendant Christopher Jones, which occurred on February 22, 2013, attached hereto as Exhibit A, this could not be further from the truth.

> Mr. Marshall: Yeah, I'm fine with moving the discovery deadline out and the amendments – not anything regarding experts. Experts, we're done. But I'm fine with pushing the discovery deadline.[1]

That was six days prior to the discovery deadline, six days before the Active Defendants noticed the Court that the Plaintiff moved for an extension of the discovery deadline and eight days (including a Saturday) before the Plaintiff moved for an extension of the discovery deadline. Not a month as the Active Defendants' attorneys have contended. Even more fatal to their misrepresentations, however, on March 1, 2013, the Active Defendants' Status Report, attached hereto as Exhibit B, contained the following language:

> …[D]iscovery have not been completed. **The Plaintiff moves for an extension of time.** However, the Defendants, while they consent to an extension, are ready to proceed to trial.

Two days later, on Sunday March 3, 2013, after I realized that I had inadvertently failed to upload the Plaintiff's Status Report (after discussing the extension of the discovery deadline with the Active Defendants' attorney, Chaz Ball, in a conversation about the possibility of filing a joint status report on Friday, March 1, 2013), attached hereto as Exhibit C, I promptly uploaded the Plaintiff's Status Report, which provided, in pertinent part:

> **Neither the Defendants nor the Plaintiff has completed discovery. The Plaintiff moves for an extension of time to complete discovery and to make any necessary amendments to his pleadings.** The Defendants consent to the extensions, but also claim to be ready for trial.

Additionally, following the partial deposition of Defendant Christopher Jones, I discussed with the Active Defendants' attorney, Michael Marshall, in the presence of Roman Choma, who is another attorney that works in my office, who was present at Christopher Jones' partial deposition, our agreement to suspend the discovery deadline until the depositions had been taken, and Michael Marshall again agreed. When I tried to give him the Declarations of Desiree Duell and Jokim Tan, he refused them for the second time that day.

The Active Defendants' attorneys and I agreed that written discovery that they propounded did not need to be answered until the depositions of the Active Defendants had been taken. The Active Defendants' attorneys did produce two of the Defendants for depositions on February 22, 2013, but walked out during the beginning of the first deposition. Amazingly, the Active Defendants' attorneys have claimed that they cannot and have not been able to "locate" the majority of the Active Defendants. At first, this seemed like it might be possible, giving them the benefit of the doubt, however, looking at their inability to "locate" the majority of their clients, police officers that are drawing paychecks from the City of Baltimore, against the backdrop of the Active Defendants' other gamesmanship, it is clear that such a claim is preposterous. If members of the Baltimore City Police Department truly cannot be located, then there should be missing persons reports, etc.

---

[1] Exhibit A at page 72, ¶10.

As far as the contention by the Active Defendants that the Plaintiff "stated in the December 3, 2012 Status Report that written discovery would be completed within the next week" – the actual text, attached hereto as Exhibit D, speaks for itself and underscores further attempts by the Active Defendants to mischaracterize the facts.

> The parties believe that the particular deadlines set forth in the Scheduling Order are impossible to comply with.
>
> ….
>
> Due to the complexity of the issues underlying this case and the numerous parties that have needed to be consulted to respond to the discovery requests that have been propounded, written discovery answers have not been exchanged, but are anticipated by both parties within the next week. It is also anticipated by the parties that there will likely be follow-up on the written discovery and numerous depositions noted arising out of the written discovery.

The preceding quote from the December 3, 2012 Status Report was before the Plaintiff's attorneys were aware that the majority of the written discovery propounded by the Active Defendants required the Active Defendants' depositions to be taken prior to submitting answers. More importantly, however, not only does the Plaintiff not say that answers to the Active Defendants discovery will be submitted within a week of the December 3, 2012 Status Report, he states that it is anticipated by both parities that the answers to the written discovery will be submitted within the next week. That included the Active Defendants, who likewise have not fulfilled the majority of the Plaintiff's discovery requests because they allegedly can't be located.

As far as the Active Defendants' claim that they did not have the declarations of the alleged victim, Desiree Duell, and the Assistant States' Attorney, Jokim Tan, that is ridiculous as well because the Active Defendants' attorneys refused to take the aforesaid Declarations. Additionally, the Active Defendants' attorneys have had numerous conversations with Mr. Tan and in fact had him sign an affidavit before the Plaintiff's attorneys did. And they were in possession of both of the aforesaid Declarations on March 3, 2013.

The following important events transpired between me and the Active Defendants' attorneys:

- Upon being entered in the above captioned case, I reviewed the discovery requests propounded by the Active Defendants and concluded that in order to furnish the Active Defendants with appropriate responses that would comport to the Federal Rules of Civil Procedure, the Active Defendants' depositions would need to be taken.

- Pursuant to Federal Rule of Civil Procedure 33, I discussed my conclusion with the Active Defendants' attorneys and they agreed that depositions needed to be taken prior to the submission of the Plaintiff's answers to their discovery, additionally stating that they favored complete and thorough answers to their discovery requests that comported with the Federal Rules of Civil Procedure.

- The Active Defendants' attorneys, however, also communicated that they refused to answer the Plaintiff's discovery requests until theirs were answered, even after I explained that the answers to the Plaintiff's discovery requests might be enough to at least generate preliminary answers to the Active Defendants' discovery requests, however, the Active Defendants' attorneys refused to furnish answers to the Plaintiff's discovery requests and continued to push for the depositions of the Active Defendants as

an alternative.

- Upon calling the Active Defendants' attorneys to get dates on which we could schedule the depositions of the Active Defendants, I was informed that only two of the Active Defendants could be located, despite the majority of them still being employed by the Baltimore City Police Department.

- I expressed my disbelief that the majority of the Active Defendants could not be located and was assured that it was in fact true, and that the Active Defendants' attorneys were doing everything in their power to locate their clients.

- On February 17, 2013, I noted the depositions of the two Active Defendants that the Active Defendants' attorneys had communicated that they could produce for depositions on February 22, 2013, and the Active Defendants' attorneys agreed to extend the discovery deadline out until such a time as all of the Active Defendants could be located and their depositions could be taken.

- On February 22, 2013, one of the Active Defendants' attorneys, Michael Marshall, showed up for the scheduled deposition with Active Defendants Christopher Jones and Dominick Griffin.

- During the deposition of Christopher Jones, which was scheduled to be first, I asked Mr. Jones a question about the alleged victim and his interaction with her.

- Michael Marshall asked me if I had spoken with the alleged victim and I responded in the affirmative (Exhibit A at page 70, providing: "Mr. Marshall: You've talked to her? Mr. Edwards: Yes.")

- Michael Marshall inquired as to whether a statement was produced and I responded in the affirmative (Exhibit A at 70, providing: "Mr. Marshall: Have you produced a statement? Mr. Edwards: I'm going to produce it, yes.").

- It was then noted that Michael Marshall had just served his Interrogatory Answers at the start of the deposition for Christopher Jones and Dominick Griffin (Exhibit A at 70).

- Michael Marshall continued, admitting to intentionally frustrating the Plaintiff's discovery and his ability to answer the Active Defendants' discovery requests, stating "Yeah, but you sent your discovery requests out a whole lot longer after we sent ours to you, **I was waiting to get yours since ours were sent first**…" (Exhibit A at 71, emphasis added.).

- Michael Marshall then stated that "if you've got some documents that indicate something, and you're now asking him about what's in those documents without producing them, I think we stop the deposition now. You give us the documents, and then we'll resume the deposition." (Exhibit A at 71).

- I then asked Mr. Marshall if he wanted to review the Declarations that we had as I had been forced to reviewed Christopher Jones and Dominick Griffin's sparse Interrogatory Answers on the fly (Exhibit A at 71).

- I then asked if we could still push out discovery and amendment deadlines and Mr. Marshall replied: "Yeah, I'm fine with moving the discovery deadline out and the amendments – not anything regarding experts. Experts, we're done. But I'm fine with pushing the discovery deadline." (Exhibit A at 72).

- Following the partial deposition of Christopher Jones, I discussed, in the presence of Roman Choma, another attorney in my office, who was present at Christopher Jones' partial deposition, with Michael Marshall our agreement to suspend the discovery deadline until all the depositions had been taken and Michael Marshall again agreed, and when I tried to again give him the Declarations, he again refused them.

- I have had two other cases with the Active Defendants' attorneys in the last few months and have communicated with them every few days about settlements in those other cases, and during each conversation have inquired as to whether they were able to locate the "missing" Active Defendants and received a reply in the negative each time.

- In the Active Defendants' Status Report, dated March 1, 2013, they state that: "The Plaintiff moves for an extension of time. However, the Defendants, while they consent to an extension, are ready to proceed to trial." (Exhibit B).

- In the Plaintiff's Status Report, dated March 1, 2013, he "moves for an extension of time to complete discovery and to make any necessary amendments to his pleadings (Exhibit C).

- Based on the representations of the Active Defendants' attorneys and the request in the Plaintiff's Status Report, it was my belief that everyone was on board with extending the discovery deadline until such a time as all the Active Defendants' depositions could be taken.

- The parties have been discussing a settlement in this case and when I called the Active Defendants' attorneys a week prior to their Motion to Strike and Motion for Summary Judgment, it was again communicated that they could not find the balance of the Active Defendants and that depositions would have to wait until they were found.

- It appears that the Active Defendants' double crossed me and looking at this now, I see how preposterous it was for them to claim that the majority of the Active Defendants could not be found.

Now that the Active Defendants have filed a Motion for Summary Judgment, they seek the "death penalty" sanction of forbidding the Plaintiff to finish conducting discovery, which they are well aware will likely require this Court to dismiss the Plaintiff's case.

Courts have made clear that this harsh sanction should only be reserved for extreme circumstances, which the party facing default has exhibited extreme flagrance, bad faith and/or willful disobedience, none of which are present here or on the part of the Plaintiff. Even if there was bad faith on the part of the Plaintiff– and there is none – only a lesser sanction than closing discovery would be appropriate.

Additionally, in light of the substantial due process concerns, courts around the country have routinely held that the closing of discovery in such instances is a drastic and draconian remedy that should be used only in extreme circumstances because it would defeat altogether the Plaintiff's right to access the courts.

And the Active Defendants double crossed the Plaintiff's attorneys, mitigating any of the outlandish claims made by the Active Defendants, even if somehow the Plaintiff's attorneys were found to be in error for trusting the Active Defendants' attorneys at their word. In other words, the Active Defendants have unclean hands, to say the least, but more realistically, they defrauded the Plaintiff's attorneys and this Court. And by consenting to extending the discovery deadlines, as evidenced by the record, the Active Defendants waived their right to complain, especially now, after they repeatedly consented, secreted the majority of the Active Defendants, and want to use the fruits of their gamesmanship as a sword to accompany their Motion for Summary Judgment.

The Active Defendants' not only cannot demonstrate sufficient prejudice for this Court to even begin to entertain such a sanction as they request, but they wisely haven't even tried. In their own words, prior to the production of the Declarations, but knowing of their existence and rejecting them twice, the Active Defendants' Status Report reflects that they are "ready to proceed to trial." That said, there would be extreme prejudice upon the Plaintiff if there is not an extension of the discovery deadline granted to reflect a date of May 15, 2013.

          Very truly yours,

          /s/

          Charles H. Edwards IV
          The Law Office of Barry R. Glazer, P.C.
          1010 Light Street
          Baltimore, Maryland 21230
          Phone: (410) 547-8568
          Fax:    (410) 547-003
          Bar Roll No.: 29977

          *Attorneys for the Plaintiffs*