# LAW OFFICE OF
# BARRY R. GLAZER, P.C.

ATTORNEYS AT LAW
P.O. BOX 27166
1010 LIGHT STREET
BALTIMORE, MARYLAND  21230
www.barryglazer.com

Telephone: 410-547-8568                                                            Facsimile: 410-547-0036

April 17, 2013

Honorable Timothy J. Sullivan
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

    Subject:    *Marlow Humbert v. Martin O'Malley, et al.*
                         Civil No.: 1:11-cv-00440-WDQ

Honorable Judge Sullivan:

This lawsuit was filed to redress the injuries sustained by the Plaintiff at the hands of the Baltimore City Police Department, but also for the corresponding purpose of deterring the extreme misconduct that underlies the Plaintiff's injuries.

Through the exercise of gamesmanship and misrepresentations, the Defendants have attempted to convince this Honorable Court to impose the "death penalty" sanction of forbidding the Plaintiff to finish conducting discovery and forbidding the introduction of the Declarations of Desiree Duell and Jokim Tan.[1] The Defendants are well aware that the aforementioned Declarations will defeat their Motion for Summary Judgment, but without them, the Plaintiff's case will likely be dismissed in its entirety.

As evidenced by the deposition transcript of Defendant Christopher Jones, the Defendants agreed to extend the discovery deadline and the deadline for amendments on February 22, 2013.

> Mr. Marshall:   Yeah, I'm fine with moving the discovery deadline out and the amendments – not anything regarding experts. Experts, we're done. But I'm fine with pushing the discovery deadline.[2]

Additionally, following the partial deposition of Defendant Christopher Jones, I discussed with the Defendants' attorney, Michael Marshall, in the presence of Roman Choma, another attorney that works in my office, who was present at Christopher Jones' partial deposition, our agreement to suspend the discovery deadline until all the Defendants' depositions had been taken, and Michael Marshall again agreed. When I tried to give him the Declarations of Desiree Duell and Jokim Tan, he refused them for the second time that day.

---

[1] *See* Declarations of Desiree Duell and Jokim Tan, attached hereto as Exhibit A.
[2] *See* Chris Jones' Deposition at page 72, ¶10, attached hereto as Exhibit B.

That was six days prior to the discovery deadline, six days before the Defendants noticed the Court that the Plaintiff moved for an extension of the discovery deadline and eight days (including a Saturday) before the Plaintiff moved for an extension of the discovery deadline. Not a month as the Defendants have previously contended. Even more fatal to the Defendants' contentions, however, on March 1, 2013, the Defendants' Status Report contained the following language:

> …[D]iscovery has not been completed. **The Plaintiff moves for an extension of time.** However, the Defendants, while they consent to an extension, are ready to proceed to trial.[3]

Two days later, on Sunday March 3, 2013, after I realized that I had inadvertently failed to upload the Plaintiff's Status Report (after discussing the status of the "missing" Defendants and the extension of the discovery deadline with the Defendants' attorney, Chaz Ball, in a conversation about the possibility of filing a joint status report on Friday, March 1, 2013), I promptly uploaded the Plaintiff's Status Report, which provided, in pertinent part:

> **Neither the Defendants nor the Plaintiff has completed discovery. The Plaintiff moves for an extension of time to complete discovery and to make any necessary amendments to his pleadings.** The Defendants consent to the extensions, but also claim to be ready for trial.[4]

The Defendants agreed that written discovery that they propounded did not need to be answered until the Defendants' depositions had been taken. The Defendants' attorneys did produce two of the Defendants for depositions on February 22, 2013, but walked out during the beginning of the first deposition. Amazingly, the Defendants' attorneys have claimed since late last year that they cannot and have not been able to "locate" the majority of the Defendants.[5] At first, this seemed like it might be possible, giving them the benefit of the doubt. However, looking at their inability to "locate" the majority of their clients, police officers that are recieving paychecks from the City of Baltimore, against the backdrop of the Defendants' other gamesmanship, it is clear that such a claim is preposterous. If members of the Baltimore City Police Department truly cannot be located, then there should be missing persons reports, etc.

As far as the Defendants' claim that they did not have the declarations of the alleged victim, Desiree Duell, and the Assistant States' Attorney, Jokim Tan, that is ridiculous because the Defendants' attorneys refused to take the aforesaid Declarations. Additionally, the Defendants' attorneys have had numerous conversations with Mr. Tan and in fact had him sign an affidavit before the Plaintiff's attorneys had him sign a declaration. The Defendants have interviewed Ms. Duell on numerous occasions prior to this action commencing. And the Defendants were in possession of both of the aforesaid Declarations on March 3, 2013, despite their refusals to take them.

Now that the Defendants have filed a Motion for Summary Judgment, they seek the "death penalty" sanction, which, if it is granted, will require the dismissal of the Plaintiff's case. Courts have made clear that this harsh sanction should only be reserved for extreme circumstances, which the party facing default has exhibited extreme flagrance, bad faith and/or willful disobedience, none of which are present here or on the part of the Plaintiff. Even if there was bad faith on the part of the Plaintiff– and there is none – only

---

[3] *See* Defendants' Status Report, attached hereto as Exhibit C.
[4] *See* Plaintiff's Status Report, attached hereto as Exhibit D.
[5] Over the last few months, the Plaintiff's attorneys have had other cases with the Defendants' attorneys and at every chance have inquired about the whereabouts of the "missing" Defendants and when their depositions can be taken.

a lesser sanction than closing discovery and barring the introduction of the aforementioned Declarations would be appropriate.

Additionally, in light of the substantial due process concerns, courts around the country have routinely held that the closing of discovery in such instances is a drastic and draconian remedy that should be used only in extreme circumstances because it would defeat altogether the Plaintiff's right to access the courts. And the Defendants deceived the Plaintiff's attorneys, mitigating any of the outlandish claims made by the Defendants, even if somehow the Plaintiff's attorneys were found to be in error for trusting the Defendants' attorneys at their word. In other words, the Defendants have unclean hands, to say the least, but more realistically, they defrauded the Plaintiff's attorneys and this Honorable Court. And by consenting to extending the discovery deadlines, as evidenced by the record, the Defendants waived their right to complain, especially now, after they repeatedly consented, secreted the majority of the Defendants, expressly stated that they intentionally withheld discovery, and want to use the fruits of their gamesmanship as a sword to accompany their Motion for Summary Judgment.[6]

The Defendants' not only cannot demonstrate sufficient prejudice for this Court to even begin to entertain such a sanction as they request, but they wisely haven't even tried. In their own words, prior to the production of the Declarations, but knowing of their existence and rejecting them twice, the Defendants' Status Report reflects that they are "ready to proceed to trial." That said, there would be extreme prejudice upon the Plaintiff if there is not an extension of the discovery deadline until the depositions of all the Defendants can be taken and written discovery can be completed, as well as a suspension of the Defendants' Motion for Summary Judgment and related deadlines until such a time as the discovery promised to the Plaintiff has been completed.

Based on the grounds asserted in the above letter, the Plaintiff respectfully requests that this Honorable Court enter an order denying the Defendants' Motion to Strike Declarations of Desiree Duell and Jokim Tan, to extend the discovery deadline until the depositions of all the Defendants can be taken and written discovery can be completed, and suspending the Defendants' Motion for Summary Judgment and related deadlines until such a time as the discovery disputes have been fully resolved.

      Very truly yours,

      /s/

      Charles H. Edwards IV
      The Law Office of Barry R. Glazer, P.C.
      1010 Light Street
      Baltimore, Maryland 21230
      Phone: (410) 547-8568
      Fax:    (410) 547-003
      Bar Roll No.: 29977

      *Attorneys for the Plaintiffs*

---

[6] Exhibit B at page 71, ¶¶3-9