# S|B|W|law

SCHLACHMAN BELSKY & WEINER, P.A.
ATTORNEYS AT LAW



MAIN OFFICE (BALTIMORE)
300 East Lombard St, Ste 1100
Baltimore, MD 21202
Phone: 410.685.2022
Toll Free: 888.685.2022
Fax: 410.783.4771
Email: Attorneys@sbwlaw.com
www.sbwlaw.com

Sidney Schlachman
Victor D. Sobotka
Counsel

Henry L. Belsky
Herbert R. Weiner
Michael Marshall
Steven E. Sunday
Michael J. Belsky
Michael E. Davey

Roanne Handler
Deborah J. Suess
Daniel E. Udoff
J. Eric Gibson
Shaun F. Owens
Albert G. McCarraher*
Megan E. Oleszewski
Barbara C. Gilmore
Jonathon C. Scruggs
Chaz R. Ball
Mitchell E. Rosensweig

* also admitted DC Bar

July 15, 2013

Hon. Timothy J. Sullivan
United States District Court
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

      RE:    *Marlow Humbert v. Martin O' Malley, et al.*
              Civil Action No.: 11-cv-00440

Dear Judge Sullivan:

      This letter is to document the Plaintiff's continued deliberate manipulative discovery practices and to renew the request for the sanction of the exclusion of the Declarations of Desiree Duell and Joakim Tan. The Defendants propounded a letter of Discovery Deficiencies on May 31, 2013 (Exhibit A). After more than fifteen days without a response, Defendants' attorney Chaz Ball contacted Plaintiff's attorney Charles Edwards, IV regarding the discovery deficiencies and memorialized the conversation in a letter (Exhibit B). Ten days later, Defendants' attorney Michael Marshall contacted Plaintiff's attorney Charles Edwards, IV regarding the discovery deficiencies and memorialized the conversation in a letter, requesting complete discovery by July 8, 2013 (Exhibit C). Following the second letter, on June 28, 2013, Plaintiff's attorney Charles Edwards, IV contacted Defendants' attorney Chaz Ball, requesting further time past July 8, 2013 to respond to the deficiencies, and that conversation was memorialized in an email which stated that the discovery responses should be delivered by July 12, 2013 in order to give the Defendants adequate time to prepare for deposition (Exhibit D). The Plaintiff's attorney did not respond to that email and as of the delivery of mail on today, July 15, 2013 has failed to deliver discovery the deficient discovery responses.

      The Plaintiff has previously and continues to withhold discovery until it is beneficial to his case. This type of behavior is not in accordance with the Federal Rules or Local Rules, but in a manner of improper gamesmanship. Had this action been an isolated occurrence, it may well be understood as an error, a mistake, or a miscommunication, but the Plaintiff's abuses have been repeated, tactical, and consistently obfuscatory.

Without recounting the Plaintiff's abuses, which have served as the the subject of several discovery disputes, the Declarations in question were submitted to the Defendants on a Sunday two days after the existing discovery deadline by email, a month after they were obtained, along with a settlement demand for 6.5 Million dollars. This submission served as the Defendants' first notice that the Plaintiff intended to withhold discovery in an attempt to run a trial by surprise. Since that point, and despite intervention by the court, the Plaintiff apparently has no intention of correcting his methods. The only appropriate sanction, one that carries the adequate punitive effect on a Plaintiff who withholds potentially negative discovery, would be to preclude the discovery that the Plaintiff strategically delivers. As such, the Defendants move for the preclusion of the Plaintiff's Declarations of Desiree Duell and Joakim Tan.

Thank you for your consideration.

Very truly yours,

/s/
Michael Marshall (Bar No. 02587)

/s/
Chaz Ball (Bar No. 30044)
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
phone: (410) 685-2022
fax:    (410) 783-4771
*Attorneys for Defendants Jones, Merryman, Smith, Griffin, and Brassell*