In the

# United States District Court
# for the District of Maryland

No. 11-cv-00440

**Marlow Humbert**

*Plaintiff*

vs.

**Martin O'Malley, *et al*.**

*Defendants*

## MOTION TO STRIKE AFFIDAVIT TESTIMONY

*Charles H. Edwards IV*
Law Office of Barry R. Glazer, P.C.
1010 Light Street
Baltimore, Maryland 21230
charles.edwards@robinhoodlawyers.com
phone: (410) 547-8568 fax: (410) 547-0036
bar number: 29977
*Attorney for the Plaintiff*

*INTRODUCTION*

The good news is that discovery in this case has finally closed. The bad news is that the Defendants have found a new way to waste everyone's' time and resources – this time by filing a sham affidavit to contradict Defendant Chris Jones' deposition testimony, signed under oath by one of his attorneys on his behalf. In the words of the District Court for the State of Delaware:

> The… "clarifications' in this case are akin to a student who takes her in-class examination home, but submits new answers only after realizing months later that the import of her original answers could possibly result in a failing grade.[1]

On April 3, 2013, the Defendants filed a Motion for Summary Judgment. In addition to being devoid of any merit, the Defendants' Motion for Summary Judgment was also premature as discovery was still in its infancy. So, the time the Plaintiff had to respond to the Defendants' Motion for Summary Judgment was stayed until discovery had been completed. And that is when the Defendants' gamesmanship began, which included intentionally withholding discovery, filing repeated motions to strike the same unfavorable affidavit testimony, harassing one of the Plaintiff's key witnesses on the fifth anniversary of her rape, repeatedly attempting to take depositions after they had been repeatedly forbidden by Hon. Timothy Sullivan, and the list goes on.

On August 16, 2013, the Defendants filed a Motion to Compel Discovery. In the Plaintiff's Opposition to the Defendants' Motion to Compel Discovery, filed on November 6, 2013, the Plaintiff reminded the Defendants that they had elected to read and sign their depositions and that despite the Plaintiff's attorneys' numerous requests, the Defendants had not executed even one of their depositions, which dated back at least eight months, and that moving forward, in the absence of any amendments to the Defendants' deposition testimony, the Plaintiff would be relying on the deposition transcripts as transcribed by the stenographer.[2] The Defendants did not read and sign any of their depositions, rather, they filed their Response to the Plaintiff's Opposition to their Motion to Compel Discovery, which attacks the Plaintiff for alerting the Defendants that they did not read or sign any of their depositions. The Defendants' Response to Plaintiff's Opposition to their Motion to Compel Discovery provides, in pertinent part:

---

[1] *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, at *5 (D. Del. Sept. 22, 2006).
[2] *See* Plaintiff's Opposition to Defendants' Motion to Compel Discovery (CM/ECF 110) at page 2, referenced herein as Exhibit A.

> Rule 30(e) requires the allotment of 30 days after the transcript of a deposition is prepared within which a deponent has the option to review and note changes in the transcript. Fed. R. Civ. P 30(e). The rule only requires that a deponent be given the option to make changes, but does not "require" the deponent to actually note changes or execute anything. Specifically, the rule only requires a deponent's signature "if there are changes in form or substance." Fed. R. Civ. P 30(e)(1)(B). Accordingly, the Plaintiff may not demand or require that the Defendants execute transcripts of their depositions as a condition of his supplementing his deficient discovery responses. Additionally, well over 30 days have passed since most of the Defendants' deposition transcripts have been prepared.[3]

On February 14, 2014, discovery closed and, thereafter, the Plaintiff responded to the Defendants' Motion for Summary Judgment pursuant to this Court's December 5, 2013, Order of Court. The Plaintiff's Response to the Defendants' Motion for Summary Judgment relies on numerous references to the deposition testimony of Defendant Christopher Jones, conducted on July 29, 2013, where, in response to being questioned about what could have motivated the Defendants to willfully withhold exculpatory evidence, including the Plaintiff's exonerating DNA evidence, Defendant Christopher Jones responded, under oath: "There's the age old Hatfield and McCoy battle between the Baltimore City Police Department and the State's Attorneys. I give you this, you didn't give me this. It has been going on since I was a new cop."[4] Additionally, the Plaintiff included references in his Response to the Defendants' Motion for Summary Judgment to Defendant Chris Jones' 100% closing rate and references to deposition testimony supporting the assertion that the Defendants got credit for closing the Plaintiff's case and that there was no further inquiry once the charges were dropped nor would there have been.

Then, on February 28, 2014, the Defendants filed a Motion for Extension of Time to File Response/Reply to the Plaintiff's Response to the Defendants' Motion for Summary Judgment. Hon. William Quarles granted the Defendants' Motion for Extension of Time in part and denied it in part, Ordering that any response/reply from the Defendants would be due by March 12, 2014. On March 12, 2014, the Defendants filed their Response/Reply to the Plaintiff's Response to the Defendants' Motion for Summary Judgment, which included an affidavit from Defendant Christopher Jones, signed under oath on his behalf by his attorney, providing, in pertinent part:

---

[3] *See* Reply to Plaintiff's Opposition to Defendants' Motion to Compel Discovery (CM/ECF 111), referenced herein as Exhibit B.

[4] *See* Deposition of Christopher Jones at 85:14-17, attached hereto as Exhibit C.

    4.       I do not remember having a 100% closing rate. A case would not be considered closed if I intentionally arrested the wrong person and they were subsequently released. This situation would work to my detriment and that is true for ant detective.

    5.       The Hatfield and McCoy comment in my second deposition was off-hand and not to be take literally. I only meant that oftentimes when the State's Attorney fails to get a conviction, they look to the police department to blame.[5]

For the reasons that follow and because the attorney wordsmithing of Defendant Chris Jones' answers are not even responsive to the questions asked by the Plaintiff's attorney, the affidavit testimony of Defendant Chris Jones must be stricken.

---

[5] *See* Affidavit of Defendant Chris Jones (CM/ECF 136), executed by Michael Marshall at ¶¶ 4, 5, attached hereto as Exhibit D.

## *ARGUMENT*

Federal Rule of Civil Procedure 30 allows changes to deposition testimony in "form or substance" if made within 30 days of notification that the transcript is available and accompanied by the reasons for making them. Defendant Chris Jones did not file any changes within the 30 days. In fact, as detailed more fully above, despite being alerted by the Plaintiff's attorney that no deposition changes had been made, eight months have elapsed and only in response to the Plaintiff's production and reliance on selected portions of Defendant Chris Jones' deposition testimony in the Plaintiff's Response to the Defendants' Motion for Summary Judgment has Defendant Chris Jones attempted to file any amendments to his deposition testimony. Additionally, either in error or more likely in an effort to circumvent the requirement that amendments to deposition testimony be filed on errata sheets and in a timely fashion, Defendant Chris Jones has filed an affidavit stating his proposed "corrections."

Courts are split on the latitude to be afforded to a deponent under Federal Rule of Civil Procedure 30 to change his or her testimony with no controlling authority in the Fourth Circuit. Some courts hold that if the procedural requirements of Rule 30 are met, a deponent may, by the literal language of the rule, change any and all of the "substance" of the deposition testimony.[6] Other courts interpret the rule as foreclosing changes that materially alter the testimony or contradict the testimony.[7] In the past, Your Honor's cases and this Court have agreed with the latter line of cases. Quoting the oft-cited decision *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) the district court in Kansas described the types of corrections that are intended to be remedied by Rule 30.

> The court recognizes that Fed. R. Civ. P. 30 allows a deponent to make changes to deposition testimony in form or substance. Nevertheless, the court finds that [the deponent's] errata sheets exceed the scope of the type of revisions contemplated by the Rule and serve only to improperly alter what was testified under oath. As has been aptly acknowledged by the Tenth Circuit, a deposition is not a take home exam. *See Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)). The errata sheet "clarifications" in this case are akin to a student who takes her in-class examination home, but submits

---

[6] *See*, e.g., *Foutz v. Town of Vinton, Virginia*, 211. F.R.D. 293, 295 (W.D. Va. 2002).
[7] *See*, e.g., *Rios v. Bigler*, 847 F. Supp. 1538, 1546-1547 (D. Kan. 1994).

new answers only after realizing a month later that the import of her original answers could possibly result in a failing grade.[8]

The undersigned has examined Defendant Chris Jones' Affidavit and the substantive paragraphs do not clarify but materially change the answers. They do indeed represent lawyerly fixing of extremely problematic testimony for the Defendants – ex., by demonstrating that the supervising Defendant believed that the Defendants maliciously withheld the Plaintiff's exonerating DNA evidence from the State's Attorney's Office. Additionally, Defendant Chris Jones' attorneys had the opportunity to ask questions of him to complete the record or clear up now asserted "clarifications." To allow these types of "corrections" would undermine the Federal Rules of Civil Procedure governing deposition testimony and would materially prejudice the Plaintiff's case. Rather than advancing the pursuit of truth in discovery, a policy of liberal "amendments" and "corrections" would encourage and intensify lawyer wordsmithing and parsing.

Of course, Defendant Chris Jones can, consistent with the rules of procedure and rules of evidence, present to the trier of fact the changes and additions that he now seeks to make to his deposition testimony. However, Defendant Chris Jones cannot change testimony in a material way, simply because on review of the Plaintiff's Response to the Defendants' Motion for Summary Judgment, the Defendants do not like Defendant Chris Jones' answers as given. Any other result would clearly undermine the fundamental principles underlying this litigation and this Honorable Court.

## *CONCLUSION*

For the forgoing reasons, this Honorable Court must strike Defendant Chris Jones' Affidavit.

---

[8] *Id.*; see also *Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, 2006 WL 2644935, at *3 (S.D. Ind. 2006) (stating that where it is "apparent to the Court that [a party] seeks to 'undo' the testimony of its 30(b)(6) witnesses by adding errata," the errata should be stricken as "really no more than 'lawyers' statements,' attempting to deflect potentially detrimental testimony"); *Eckert v. Kemper Financial Servs., Inc.*, 1998 WL 699656 (N.D. Ill. 1998) (precluding "wholesale changes to previous sworn testimony" that was, in fact, a "damaging [party] admission").

        Respectfully Submitted,

        **LAW OFFICE OF BARRY R. GLAZER, P.C.**

By: _____/s/_____
        Charles H. Edwards IV
        Federal Bar No.: 29977
        P.O. Box 27166
        1010 Light Street
        Baltimore, Maryland 21230
        Phone:  (410) 547-8568
        Fax:     (410) 547-0036
        charles.edwards@robinhoodlawyers.com

        *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 24th Day of March 2014, a copy of the foregoing Motion to Strike Affidavit was served upon all counsel of record through the Court's electronic filing system.

_____/s/_____

Charles H. Edwards IV