IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
MARLOW HUMBERT,
                                  *
      Plaintiff,
                                  *
         v.                            CIVIL NO.: WDQ-11-0440
                                  *
MARTIN O'MALLEY,
      et al.,                     *

      Defendants.                 *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Marlow Humbert sued several police officers and others[1] for constitutional violations under 42 U.S.C. § 1983 and state law claims.  ECF No. 1.  Pending is Humbert's motion to allow testimony by contemporaneous transmission or by video recorded deposition.  ECF No. 171.  No hearing is necessary.  Local Rule

---

[1] Humbert sued: (1) Baltimore City police officers Chris Jones, Keith Merryman, Caprice Smith, Dominick Griffin, and Michael Brassell, in their individual and official capacities (together, the "police defendants"); (2) Martin O'Malley, individually and in his official capacity as Governor of the State of Maryland and former Mayor of the City of Baltimore; (3) the Mayor and City Council of Baltimore City; (4) Sheila Dixon, the former Mayor of Baltimore City, individually; (5) the Baltimore City Police Department (the "Police Department"); (6) Frederick Bealefeld, individually and in his official capacity as Police Commissioner of the Police Department; (7) Cinese Caldwell, individually and in her official capacity as a Baltimore City laboratory technician and police officer; and (8) Baltimore City police officers John and Jane Does 1-20s and Baltimore City police supervisors Richard and Jane Roes 1-20s, in their individual and official capacities.  ECF No. 1 at 8-14.

105.6 (D. Md. 2014).  For the following reasons, the motion will be denied.

I. Background

The facts of this case are stated in the Court's previous Memorandum Opinions, ECF Nos. 138, 163.  Briefly, on April 30, 2008, a woman[2] told police that she had been raped at her home in Baltimore's Charles Village neighborhood.[3]  *See* ECF No. 171 at 2. A few days later, officers met with the Victim and showed her two photo books of potential suspects.  *Id*. at 3.  After reviewing the first book of photos, the Victim stated that two of the photos resembled her attacker, but she did not identify either as her attacker.  *Id*.  When reviewing the second set of photos, the Victim saw Humbert's photo, said that "might" be him, but was unsure.  *Id*.

Assistant State's Attorney Joakim Tan was assigned to prosecute Humbert for the rape of the Victim.  *Id*. at 5.  On July 30, 2009, Tan dropped the charges against Humbert because he had learned about the Victim's doubts about her identification; taken together with the lack of DNA evidence,

---

[2] Although the woman is referred to by name in the parties' submissions, because she is not a party to the lawsuit the Court will refer to her as the "Victim."

[3] This was one of a series of sexual assaults in the Charles Village area during the spring of 2008.  *See* ECF No. 160 at 3.

Tan believed that he would have been unable to prove his case beyond a reasonable doubt.  ECF No. 74-6 ¶ 12.

On February 17, 2011, Humbert filed a 19-count complaint. ECF No. 1.[4]  On November 28, 2011, the Court dismissed counts four to six for failure to state a claim.  ECF Nos. 35-36.[5]  On March 27, 2012, the Court granted the defendants' motion to bifurcate the case and stay discovery on all claims except those asserted against the police defendants.  ECF Nos. 52-53.  On March 25, 2014, the Court granted the police defendants' motion for summary judgment on all claims against Brassell and

---

[4] The following claims were asserted against the police defendants: (1) § 1983 claims for malicious prosecution (count three), suggestive identification procedures (count seven), failure to disclose exculpatory evidence and fabrication of inculpatory evidence (count eight), and false arrest and imprisonment (count ten), in violation of Humbert's Fourth and Fourteenth Amendment rights; (2) § 1983 claim for failure to investigate, in violation of Humbert's Fourteenth Amendment rights (count nine); (3) violations of Articles 24 and 26 of Maryland's Declaration of Rights (count eleven); (4) battery (count twelve); (5) false arrest and imprisonment (count thirteen); (6) abuse of process (count fourteen); (7) negligence (count fifteen); (8) negligent failure to warn (count sixteen); (9) malicious prosecution (count eighteen); and (10) intentional infliction of emotional distress ("IIED") (count nineteen). ECF No. 1 at 45-47, 50-68, 70-74.  Humbert asserted three counts of violations of 42 U.S.C. § 1985 against all defendants (counts four through six).  *Id.* at 47-50.  Humbert also brought a § 1983 claim against the Police Department, O'Malley, Bealefeld, Dixon, Jones, Richard, and Jane Roes for supervisory misconduct in violation of his Fourth and Fourteenth Amendment rights (count two).  *Id.* at 44-45.

[5] The Court also dismissed all claims against O'Malley in his official and individual capacity, and dismissed all claims against Caldwell.  ECF No. 36.

Merryman, and granted summary judgment on counts two, seven, eight, nine, ten, twelve, thirteen, fourteen, and nineteen for Smith, Jones, and Griffin--the remaining police defendants.  ECF Nos. 138-39.[6]

On December 16, 2014, the Court granted Humbert's motion to allow the Victim's testimony by contemporaneous transmission. ECF No. 163.  The Court found there was good cause for the contemporaneous transmission because the Victim had declared that returning to Maryland would cause overwhelming and debilitating feelings of anxiousness, helplessness, and other emotions she associated with her attack,[7] and she had responsibilities for her young son, who has autism, that prevented her from traveling.  ECF No. 163 at 11-13.

On February 23, 2015, Humbert moved to allow for Tan's testimony by contemporaneous transmission or by video recording. ECF No. 171.  On March 12, 2015, the police defendants opposed the motion.  ECF No. 172.[8]

---

[6] Thus, counts three, eleven, fifteen, sixteen, and eighteen remain against Smith, Jones, and Griffin.  ECF No. 139.

[7] The Victim has been diagnosed with Post Traumatic Stress Disorder.  ECF No. 163 at 4.

[8] Although Humbert's reply is not due until March 30, 2015, Humbert has requested prompt resolution of this motion, ECF No. 171 at 12.  Accordingly, mindful that trial is scheduled to begin on April 13, 2015, the Court will not delay resolution until Humbert replies.

II.  Analysis

A.  Contemporaneous Transmission

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[9]

Humbert contends there is good cause to permit Tan's testimony by contemporaneous transmission because Tan lives in California, where he has "obligations to his own clients, as an attorney, and to his family," and Humbert cannot afford to pay for Tan's attendance at trial.  ECF No. 171 at 10.  The police defendants contend that Humbert's argument boils down to, "Tan lives in California, and California is far away from Baltimore." ECF No. 172 at 3.  They further contend that--unlike the Victim- -Humbert has not attached an affidavit from Tan corroborating Humbert's assertions of hardship.  *Id.*

The Fourth Circuit Court of Appeals has not stated a test for determining what constitutes "good cause" or "compelling circumstances";[10] however, district courts in the Fourth Circuit-

_____

[9] In 1996, Rule 43(a) was amended to allow for contemporaneous transmission. *See Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 501 (2010).

[10] *See United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013)(affirming district court's decision not to permit contemporaneous transmission of testimony by a witness living in Turkey); *United States v. Baker*, 45 F.3d 837 (4th Cir. 1995)

-and elsewhere--permit contemporaneous transmission in civil cases.  *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (collecting cases).

The Advisory Committee Notes to the 1996 Amendments to Rule 43(a) state that good cause and compelling circumstances are most likely to arise "when a witness is unable to attend trial for unexpected reasons, such as accident or illness."  Fed. R. Civ. P. 43 (a) Advisory Committee Notes on 1996 Amendments.[11] "Other possible justifications for remote transmission must be approached cautiously."  *Id.*

Notwithstanding the Advisory Committee Notes' guidance that inconvenience alone is insufficient,[12] travel cost and inconvenience have justified contemporaneous transmission in cases involving domestic[13] and international travel.[14]  Here,

---

(affirming the use of video conferencing during a civil commitment hearing).

[11] *See also Tharpe v. Lawidjaja*, No. 6:12-CV-00039, 2013 WL 5939702, at *2-3 (W.D. Va. Nov. 5, 2013).

[12] *See* Fed. R. Civ. P. 43(a) Advisory Committee Notes; *see also F.T.C. v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (observing that "courts are much more receptive to this new technology than the Advisory Committee").

[13] *See, e.g.*, *Beltran-Tirado v. INS,* 213 F.3d 1179, 1186 (9th Cir. 2000) (telephonic testimony permitted for hearing in California when witness was in Missouri).

[14] *See Lopez,* 748 F. Supp. 2d. at 480 (permitting low-income plaintiffs residing in Honduras to testify via contemporaneous transmission).

however, Humbert's conclusionary assertions about Tan's work and family "obligations," devoid of evidentiary support, are insufficiently "compelling" to permit contemporaneous transmission.   Nor is the Court convinced that the financial expense of traveling from California merits contemporaneous transmission.   *Cf. Lopez*, 748 F. Supp. 2d at 481 (costs associated with travel from Virginia and Tennessee to trial in Maryland not sufficiently prohibitive to establish good cause). Because "video conferencing may render it difficult for a factfinder in adjudicative proceedings to make credibility determinations and to gauge demeanor,"[15] the Court previously noted that "[r]elief under Rule 43(a) is highly fact specific, and is the exception, not the rule."[16]   Humbert has not shown that Tan's testimony is an exceptional case meriting contemporaneous transmission; his motion will be denied.

---

[15] *Rusu v. U.S. I.N.S.*, 296 F.3d 316, 323-24 (4th Cir. 2002) (*citing United States v. Baker*, 45 F.3d 837, 844-46 (4th Cir. 1995); *Edwards v. Logan*, 38 F.Supp.2d 463, 467 (W.D. Va. 1999) ("Video conferencing ... is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing. This may be particularly detrimental where it is a party to the case who is participating by video conferencing, since personal impression may be a crucial factor in persuasion.")).

[16] ECF No. 163 at 12 n.24 (*citing* Fed. R. Civ. P. 43(a)).

B.   Videotaped Deposition

Alternatively, Humbert seeks leave to take Tan's video recorded deposition.  ECF No. 171 at 7, 11-12.  The police defendants have not responded to Humbert's alternative motion.

Upon a showing of good cause, Rule 16(b) permits courts to reopen discovery and amend the discovery schedule.  Fed. R. Civ. P. 16(b)(4).  Good cause is shown when the movant demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts.  *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (*quoting Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*,129 F.3d 116 (Table), 1997 WL 702267 (4th Cir. 1997)).  "If [the moving] party was not diligent, the inquiry should end."  *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va.1995).

On June 7, 2013, Magistrate Judge Timothy J. Sullivan, to whom discovery in this case was referred, extended the discovery deadline to July 30, 2013 to permit time for additional depositions.  ECF No. 92 ("There will be no further extensions of the discovery deadline absent extraordinary circumstances.).  On September 19, 2013, the police defendants sought leave to conduct a *de bene esse* deposition of Tan remotely, "in that he now resides in California."  ECF No. 106 at 2.  Judge Sullivan

denied the police defendants' motion on grounds of lack of diligence and failure to show good cause.  ECF No. 107.

Humbert has also failed to proffer facts showing the diligence necessary to support a finding of good cause to reopen discovery; thus, he has not shown that a different ruling is merited.  Humbert has been on notice that Tan lives in California since at least 2013, and the Court is unable to discern why Humbert waited until February 2015 to seek leave to depose Tan.[17]  The Court's denial of Humbert's motion for contemporaneous transmission is not good cause to ignore Humbert's lack of diligence.  Accordingly, Humbert's motion for leave to depose Tan will be denied.

III. Conclusion

For the reasons stated above, Humbert's motion will be denied.

_____3/17/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[17] Additionally, almost a year ago, the Court reminded Humbert that any requests to reopen discovery to take depositions must be made by motion to the Court.  *See* ECF No. 138 at 25 n.33.