IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARLOW HUMBERT,                                    *

     Plaintiff,                                  *

         v.                                   *          CIVIL NO.: WDQ-11-0440

MARTIN O'MALLEY,                                   *
     *et al.*,                                   *

     Defendants.                                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Marlow Humbert sued 25 Baltimore City police officers[1] and others[2] for constitutional violations under 42 U.S.C. § 1983 and state law claims. ECF No. 1. Pending are the Inactive Defendants' motion for judgment as a matter of law, ECF No. 238, and Humbert's unopposed motion to waive transcript fees, ECF No. 247. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motions will be granted.

---

[1] Chris Jones, Keith Merryman, Caprice Smith, Dominick Griffin, Michael Brassell, and John and Jane Does 1-20. The Court granted summary judgment on all claims against Merryman and Brassel. *See* ECF No. 139. Hereinafter, Jones, Smith, and Griffin will be referred to as the "Police Defendants."

[2] Humbert also sued the Mayor and City Council of Baltimore City (the "City"), the Baltimore City Police Department (the "Police Department"), former Police Commissioner Frederick H. Bealefeld, and former mayor Sheila Dixon (collectively, the "Inactive Defendants"), former Maryland Governor Martin O'Malley, and Baltimore City Police Department Laboratory Technician Cinese Caldwell. The Court dismissed all claims against O'Malley and Caldwell. *See* ECF No. 36.

I.    Background

This case arises from the April 30, 2008 rape of a woman in her home in Baltimore's Charles Village neighborhood, Humbert's arrest and pre-trial detention on rape charges, and his release--15 months later--when the assigned prosecutor, former Assistant State's Attorney Joakim Tam, chose to *nolle prosequi* the case. On February 17, 2011, Humbert filed a 19-count complaint alleging federal[3] and state[4] claims. ECF No. 1. On November 29, 2011, the Court dismissed counts four to six against the Inactive Defendants, all state claims against Dixon, and all state claims against Bealefeld *except* count seventeen. ECF No.

---

[3] Humbert asserted the following federal claims against the Inactive Defendants (unless otherwise indicated, Humbert asserted the claims against all Inactive Defendants):

(1) count one: § 1983 *Monell* claim (City only); (2) count two: § 1983 supervisory liability (all Inactive Defendants except the City); (3) count three: § 1983 malicious prosecution; (4) count four: § 1983 obstructing justice; (5) count five: § 1985 witness tampering; (6) count six: § 1985 conspiracy; (7) count seven: § 1983 suggestive identification procedures; (8) count eight: § 1983 failure to disclose exculpatory evidence; (9) count nine: § 1983 failure to investigate; and (10) count ten: § 1983 failure to investigate.  ECF No. 1 at 41-58.

[4] Humbert asserted the following state law claims against Dixon and Bealefeld (no state law claims were asserted against the City or the Police Department):

(1) count eleven: Articles 24 and 26 of Maryland's Declaration of Rights; (2) count twelve: battery; (3) count thirteen: false arrest; (4) count fourteen: abuse of process; (5) count fifteen: negligence; (6) count sixteen: negligent failure to warn; (7) count seventeen: negligent hiring and supervision; (8) count eighteen: malicious prosecution; and (9) count nineteen: intentional infliction of emotional distress.  *Id*. at 59-74.

36; *see also* ECF No. 52 at 2 n.5.  On March 27, 2012, the Court bifurcated the case and stayed discovery on all claims against the Inactive Defendants.  ECF Nos. 52-53.

On March 25, 2014, the Court granted the Police Defendants' motion for summary judgment on counts two, seven to ten, twelve, thirteen, fourteen, and nineteen.  ECF No. 139.  From April 14-20, 2015, the parties tried counts three, eleven,[5] fifteen, and eighteen against the Police Defendants, and the Police Defendants' qualified immunity defense.  ECF No. 234 at 13-14.[6]

On April 20, 2015, the jury returned a verdict for Humbert against all three police defendants on count three (§ 1983 malicious prosecution) and count fifteen (negligence).  The jury also made factual findings on the qualified immunity determination relevant to count three, and on count eighteen (Maryland malicious prosecution).[7]  On June 22, 2015, the Court

---

[5] Because Article 24 of the Declaration of Rights is similar to the Fourteenth Amendment of the United States Constitution and Article 26 is similar to the Fourth Amendment of the United States Constitution, Humbert proposed--and the police defendants did not oppose--submitting the issues together on the verdict sheet.  *See* ECF Nos. 189 at 4; 234 at 14 n.30.

[6] Humbert abandoned count sixteen (negligent failure to warn) at trial when he failed to provide authority for the claim.  ECF No. 234 at 14 n.31.

[7] *See* ECF Nos. 221, 223, 227. Because material factual disputes prevented a ruling at the summary judgment stage on whether the police defendants were entitled to qualified immunity on the § 1983 malicious prosecution claim, those issues were resolved by the Court based on the jury's factual findings.  *See, e.g.,*

found that the Police Defendants had established the defense of

qualified immunity *and* were entitled to judgment as a matter of

law on count three, and were entitled to judgment as a matter of

law on count fifteen.   ECF Nos. 234 at 43, 46 n.63, 48; 235.

The Court further found that because Humbert had failed to

establish the lack of probable cause as required on count

eighteen, the Police Defendants were also entitled to judgment

as a matter of law on that count.   ECF Nos. 234 at 46; 235.

Humbert appealed.   ECF No. 236.[8]

On July 13, 2015, the Inactive Defendants moved for

judgment as a matter of law.   ECF No. 238.   On July 30, 2015,

Humbert opposed the motion.   ECF No. 241.   On August 12, 2015,

---

*Willingham v. Crooke*, 412 F.3d 553, 560 (4th Cir. 2005).
Further, Under Maryland law of malicious prosecution, jurors do
not decide whether Humbert has shown the requisite absence of
probable cause (that is a legal question); instead, they decide
the facts that would underlie that determination.   *See, e.g.*,
*Montgomery Ward v. Wilson*, 339 Md. 701, 716, 664 A.2d 916, 923
(1995); *Palmer Ford, Inc. v. Wood*, 298 Md. 484, 507, 471 A.2d
297, 309 (1984).

[8] Humbert has not appealed the Court's rulings on the defendants'
motions to dismiss or for summary judgment.   *See* ECF No. 247 at
5-6 (noting the questions presented on appeal); *see also Humbert
v. Mayor & City Council of Baltimore*, Civil Case No. 15-1768
(4th Cir. July 22, 2015), ECF No. 6 (docketing statement) ("Did
the trial court properly grant the defendant police officers'
motion for judgment as a matter of law?").

the Inactive Defendants replied.  ECF No. 244.  On September 2, 2015, Humbert moved to waive transcript fees.  ECF No. 247.[9]

## II.  Analysis

### A.  Judgment as a Matter of Law

The Inactive Defendants assert that they are entitled to judgment in their favor on all § 1983 claims because the Court has found that the Police Defendants had probable cause to arrest Humbert; thus, there was no constitutional deprivation.  ECF Nos. 238 at 2 ¶ 5; 238-1 at 2-3.[10]  Humbert asserts--without supporting authority--that his appeal has "divested" the Court of its "ability to evaluate the Inactive Defendants' motion on the merits."  ECF No. 241 at 3.

Humbert is incorrect.  An appeal only "divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'"  *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (*quoting Griggs v. Provident Consumer*

---

[9] Responses to Humbert's motion were due on September 21, 2015; to date, none of the defendants has responded.  *See* Docket.

[10] The Inactive Defendants appear to argue that the Court's post-trial resolution of count three in the Police Defendants' favor merits dismissal of all § 1983 claims against them; they have not addressed the Court's grant of summary judgment in the Police Defendants' favor on counts two and seven to ten, which remain pending against the Inactive Defendants, nor have they addressed count one, which remains pending against the City. However, as discussed *infra*, because the Court has not found that a constitutional violation occurred as to any of the claims, the outcome is the same.

*Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225

(1982)).[11] Humbert's claims against the Inactive Defendants are

not "involved in the appeal"; thus, this Court may decide

whether the Inactive Defendants are entitled to judgment in

their favor. *See id.*[12]

---

[11] *See also Grand Jury Proceedings Under Seal v. United States*,
947 F.2d 1188, 1190 (4th Cir. 1991) ("The general rule is that
the filing of a timely and sufficient notice of appeal immedi-
ately transfers jurisdiction of all matters *relating to the
appeal* from the district court to the court of appeals.")
(emphasis added).

[12] At least one judge in this District has, *sua sponte*, dismissed
municipal liability claims after finding no constitutional
violation by police officers. *See Santos v. Frederick Cnty. Bd.
of Comm'rs*, 884 F. Supp. 2d 420, 432 (D. Md. 2012) *aff'd in
part, vacated in part, remanded*, 725 F.3d 451 (4th Cir. 2013).
Accordingly, this Court need not wait for the Fourth Circuit to
resolve Humbert's appeal before ruling on this motion (and, as
noted *supra* note 8, the Police Defendants' liability on count
three is the only § 1983 claim raised on appeal). Humbert is,
of course, free to appeal the Court's ruling on this motion; he
may then seek to consolidate the appeals before the Fourth
Circuit. *See, e.g., Stone v. I.N.S.*, 514 U.S. 386, 401-02, 115
S. Ct. 1537, 1547, 131 L. Ed. 2d 465 (1995) (noting appellate
courts' authority to consolidate appeals); *United States v.
Williamson*, 706 F.3d 405 (4th Cir. 2013)("The authority of the
Court of Appeals to consolidate appeals is constrained only by
the requirement that 'the parties have filed separate timely
notices of appeal'; consequently, any number of diverse and
collateral matters may be consolidated for appeal.") (*citing*
Fed. R. App. P. 3(b)(2)). In the event the Fourth Circuit finds
that a constitutional violation in connection with count three
has occurred, it can simply remand the relevant municipal and
supervisory claims. *See, e.g., Santos v. Frederick Cnty. Bd. of
Comm'rs*, 725 F.3d 451, 469-70 (4th Cir. 2013) cert. denied, 134
S. Ct. 1541, 188 L. Ed. 2d 557 (2014).

It is well settled that a plaintiff cannot prevail against supervisors[13] or municipalities absent a constitutional violation by an employee or a subordinate. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986) (per curiam) ("[N]either *Monell*[14] . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when [the fact-finder] has concluded that the officer inflicted no constitutional harm."); *Int'l Ground Transp. v. Mayor And City Council Of Ocean City, MD*, 475 F.3d 214, 219 (4th Cir. 2007); *Anderson v. Caldwell Cnty. Sheriff's Office*, 524 F. App'x 854, 862 (4th Cir. 2013) ("No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee.").[15]

---

[13] Humbert sued Dixon and Bealefeld in their official and individual capacities. *See* ECF No. 1 at 41-58. An "official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "[T]o establish personal liability in a § 1983 action," the plaintiff must establish "the deprivation of a federal right" by the official. *Id.*

[14] *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

[15] *See also Robertson v. Prince George's County*, 215 F. Supp. 2d 664, 665 (D. Md. 2002) (municipal liability predicated on the plaintiff establishing that someone employed by the municipality violated his constitutional rights); *Harbin v. City of Alexandria*, 712 F. Supp. 67, 73 (E.D. Va. 1989) *aff'd*, 908 F.2d 967 (4th Cir. 1990) (same); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991) (a supervisor may be liable

Because the Court has not found a constitutional violation by the Police Defendants,[16] none of the § 1983 claims against the Inactive Defendants can survive. *See, e.g., Heller*, 475 U.S. at 799, 106 S. Ct. 1571. Accordingly, the Inactive Defendants are entitled to judgment as a matter of law on all remaining § 1983 claims; the Court will grant their motion.[17]

---

under § 1983 for a subordinate's violation of the plaintiff's constitutional rights).

[16] *See* ECF Nos. 139, 234.

[17] The Inactive Defendants purport to move for judgment in their favor "as to all claims against them." ECF No. 238 at 1.  That would appear to include count seventeen--state law negligent hiring and supervision--which was asserted against Bealefeld and not dismissed. *See* ECF Nos. 36; 52 at 2 n.5.  Because Humbert did not assert count seventeen against the Police Defendants, it was not addressed post-bifurcation at the summary judgment stage or at trial.  However, the Inactive Defendants appear to have overlooked count seventeen; at the very least, they have not addressed it.  They state that--after resolving the motions to dismiss--"only the § 1983 claims remained against the Inactive Defendants." ECF No. 238 at 1; *see also* ECF No. 238-1 at 1 ("[Humbert] also sued the Inactive Defendants under § 1983 . . . .").  Further, the Inactive Defendants only present arguments about the § 1983 claims. *See* ECF No. 238-1 at 2.  Because count seventeen implicates state--rather than federal--law, which the parties have not briefed, the Court will not address that count on the merits. *Cf. Fay Ave. Properties, LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11CV2389-GPC WVG, 2014 WL 4854684, at *8 (S.D. Cal. Sept. 23, 2014) (declining to consider whether summary judgment is merited on certain claims when the defendant failed to present argument on those claims).  Count seventeen is the sole remaining claim in this suit.

Federal courts exercising federal question jurisdiction may exercise supplemental jurisdiction over non-federal elements of the controversy. *See* 28 U.S.C. § 1367(a) (2012).  However, under 28 U.S.C. § 1367(c), the Court may decline to exercise its supplemental jurisdiction over those claims when, as here, the

B.   Waiver of Transcript Fees

Humbert asserts that he is entitled to waiver of the preparation of trial transcript fees because he is proceeding *in forma pauperis* on his appeal, and his appeal presents substantial questions.   ECF No. 247 at 5.

Under 28 U.S.C. § 753(f)(2012), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall . . . be paid by the United States if the

---

Court "has dismissed all claims over which it ha[d] original jurisdiction."  When one of the statutory grounds for remand applies, the Court should also consider whether "'principles of economy, convenience, fairness, and comity' "support [dismissal]."  *See Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).  "[T]rial courts enjoy wide latitude in determining whether ... to retain jurisdiction over state claims when all federal claims have been extinguished," *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), and have "a powerful reason to choose not to continue to exercise jurisdiction," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 351.

Because the Court had stayed discovery on count seventeen, *see* ECF No. 53, litigation on that claim is in the early stages. Thus, considerations of economy, fairness, and comity disfavor the Court's exercise of supplemental jurisdiction.  *Cf. Asheville Downtown Holdings, Ltd. v. TD Bank, N.A.*, No. 1:13-CV-00135-MRDLH, 2014 WL 712597, at *3 (W.D.N.C. Feb. 25, 2014) (remanding case because it was "in the early stages of litigation"); *see Walsh v. Mitchell*, 427 F. App'x 282, 283 (4th Cir. 2011) ("In the interest of avoiding '[n]eedless decisions of state law,' the Supreme Court has stated that, when 'federal claims are dismissed before trial ... state claims should be dismissed as well.' ") (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)).  Accordingly, the Court will dismiss count seventeen without prejudice.

trial judge . . . certifies that the appeal is not frivolous
(but presents a substantial question)." A "substantial
question" is one that is "reasonably debatable." *Gary v. Prof'l
Div., Alberto-Culver Co.*, 862 F.2d 869 (4th Cir. 1988); *Ortiz v.
Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959).

Humbert's appeal raises several issues about the manner of
trying federal and state malicious prosecution claims when
different fact-finders are involved and when the qualified
immunity determination is reserved for trial. *See* ECF No. 247
at 5-6.[18] Some of these issues are not frivolous and present a
substantial question for the Fourth Circuit to consider.
Accordingly, Humbert's motion will be granted.

---

[18] Humbert asserts ten ostensibly "substantial questions" on
appeal. ECF No. 247 at 5-6. Some--but not all--issues present
substantial questions. For example, Humbert asks whether the
Court erred in granting the Police Defendants qualified immunity
"by relying on special interrogatories included for the sole
purpose of resolving [Humbert's] state law malicious prosecution
claim." ECF No. 247 at 5. However, the verdict sheet stated
that the interrogatories would "aid the Court's determination"
of whether Humbert has shown the violation of a constitutional
right--relevant to § 1983 qualified immunity--and whether, under
Maryland law of malicious prosecution, he has shown that he was
prosecuted without probable cause. *See, e.g.*, ECF No. 221.
Additionally, Humbert asks whether the Court erred in not
bifurcating the state and federal claims. ECF No. 247 at 6.
Before trial, the Court ordered the parties to brief that issue;
Humbert failed to respond. *See* ECF No. 185. Nevertheless,
"[d]oubts about substantiality of the questions on appeal and
the need for a transcript . . . should be resolved in favor of
the petitioner." *Lee v. Habib*, 424 F.2d 891, 904-05 (D.C. Cir.
1970). Accordingly, the Court's finding that some issues do not
present substantial questions does not bar granting the motion.

III. Conclusion

For the reasons stated above, the Court will grant the
Inactive Defendants' motion for judgment as a matter of law and
Humbert's unopposed motion to waive transcript fees, and will
dismiss count seventeen without prejudice.


_10/21/15_
Date

_____
William D. Quarles, Jr.
United States District Judge

11